The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Scott Taylor. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The date of the alleged negligent act giving rise to this claim was 7 April 1994.
2. The employee of the State involved was Nurse Delores Bethea. She was an employee of the North Carolina Department of Correction, and was acting at all times within the scope of her employment.
3. An Inmate Health Screening Form, marked as Stipulated Document 1, is stipulated into evidence.
4. A North Carolina Department of Correction Report of Medical History, marked as Stipulated Document 2, is stipulated into evidence.
5. Five pages of medical entries, marked as Stipulated Documents 3, are stipulated into evidence.
6. Two pages of medical records entitled Inmate 30 Day Medication Self-Administration Program Dispensary Form, marked as Stipulated Document 4, is stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 7 April 1994, plaintiff was an inmate in the custody of the North Carolina Department of Correction in defendant's facility in Burgaw, North Carolina.
2. On and before 7 April 1994, plaintiff used the prescription drug Theo-Dur, which was prescribed for plaintiff to use for difficulties associated with plaintiff's breathing. Plaintiff took the medication twice a day; once in the morning and once in the evening.
3. Around lunchtime on 7 April 1994, plaintiff reported to defendant's named State employee, Nurse Delores Bethea, that he only had a few pills of his prescription left. At that time, plaintiff still had a five day supply of his medication. In addition, prior to speaking with Nurse Bethea, plaintiff had taken his first pill of the day.
4. At the time of plaintiff's inquiry, the medication room was in use by a physician. Nurse Bethea told plaintiff to check back in four hours. At that time, plaintiff was in no respiratory distress. Plaintiff did not state that he was having difficulty breathing, nor did he indicate that he was out of his medication. In addition, plaintiff did not request emergency treatment. Following his conversation with Nurse Bethea, plaintiff turned and walked away.
5. Plaintiff's medication was provided to plaintiff within the next four hours. Plaintiff's receipt of his medication was not unreasonably withheld or delayed. When plaintiff received his medication, plaintiff had not requested emergency treatment, nor had plaintiff complained of any distress or problem.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
There was no negligence on the part of any named officer, involuntary servant or agent of the State while acting within the scope of his or her office, employment, service, agency or authority which proximately caused plaintiff an injury, and plaintiff is entitled to no damages. G.S. § 143-291 et seq.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
FOR THE FULL COMMISSION
 S/ _____________________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ________________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _________________________________ J. RANDOLPH WARD COMMISSIONER
CMV/cnp/mj 6/4/96